UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIYON MARTIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)    No. 4:23 CV 41 RWS<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | |

## MEMORANDUM AND ORDER

This case is before me on Dariyon Martin's motion to vacate, set aside, or correct his sentence in <u>United States v. Martin</u>, No. 4:20 CR 417 RWS,[1] pursuant to 28 U.S.C. § 2255. Martin asserts a single claim of ineffective assistance of counsel. For the reasons discussed below, Martin's motion will be denied.

## BACKGROUND

Martin pleaded guilty on August 27, 2021, to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Crim. Dkt. #54). The United States Probation Office for the Eastern District of Missouri prepared a presentence investigation report ("PSR") on Martin on November 5, 2021, and submitted a final PSR on December 3, 2021. (Crim. Dkt. #58 & #59). Martin did not object to either version of the PSR. The PSR indicated that Martin had eight

---

[1] Citations to the record in Martin's criminal case will be made to "Crim. Dkt. #."

criminal history points under the United States Sentencing Guidelines ("Sentencing Guidelines"), which placed him in a criminal history category of IV. (Id. at p. 9). Based on a total offense level of 21 and a criminal history category of IV, the PSR indicated that Martin's range of incarceration under the Sentencing Guidelines was 57 to 71 months. (Id. at p. 13). On January 4, 2022, I adopted the PSR and sentenced Martin to 57 months of incarceration. (Crim Dkt. #66 & #67). Martin did not file a direct appeal. Martin filed the present motion on January 9. 2023.

## LEGAL STANDARD

A motion to vacate, set aside, or correct a sentence requires a movant to show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under § 2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (internal quotation marks omitted). Claims of ineffective assistance of counsel are properly raised in a § 2255 motion. United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006). A movant bears the burden of demonstrating an ineffective assistance of counsel. United States v. White, 341 F.3d 673, 678 (8th Cir. 2003).

To prevail on an ineffective-assistance-of-counsel claim, a movant must show "'(1) that [counsel's] performance was deficient, falling below professional standards of competence; and (2) that the deficient performance prejudiced the defense.'" Id. at 677 (quoting Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998)).  "'Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases.'" Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011) (quoting Theus v. United States, 611 F.3d 441, 446 (8th Cir. 2010)).  "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).  "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694).

## DISCUSSION

Martin argues that his counsel provided ineffective assistance by failing to object or argue that he was improperly assessed criminal history points for prior sentences arising out of his arrests on February 20, 2016, and July 24, 2016.  Martin was assessed 3 criminal history points for his sentence arising out of his arrest on February 20, 2016, for unlawful use of a weapon.  (Crim. Dkt. #59 at p. 7).  Martin was also assessed 3 criminal history points for his sentence arising out of his arrest on July 24, 2016, for second-degree assault, armed criminal action, unlawful use of

3

a weapon, and resisting arrest. (Id. at pp. 7–8). Martin was assessed an additional 2 criminal history points because his instant offense occurred while he was under a criminal justice sentence for second-degree assault. (Id. at p. 9). As a result, Martin was assessed a total of 8 criminal history points, which placed him in a criminal history category of IV under the Sentencing Guidelines. (Id.)

Martin argues that he was improperly assessed criminal history points for both of his prior sentences because the sentences should have been treated as a single sentence. According to Martin, his prior sentences should have been treated as a single sentence because he received them on the same day. As support for this argument, Martin cites § 4A1.2(a)(2) of the Sentencing Guidelines, which provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2). Martin argues that his counsel provided ineffective assistance by failing to object or argue that he was improperly assessed criminal history points under § 4A1.2(a)(2). Martin argues that he was prejudiced by his counsel's alleged failure because, under a proper application of the Sentencing

4

Guidelines, he would have been placed in a criminal history category of III, which would have resulted in a range of incarceration of 37 to 46 months.

Martin's claim of ineffective assistance of counsel fails because he was properly assessed criminal history points for both of his prior sentences. Section 4A1.2(a)(2) states, in pertinent part, that "[p]rior sentences always are counted separately *if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)*." U.S.S.G. § 4A1.2(a)(2) (emphasis added). Martin committed and was arrested for the first of his prior offenses on February 20, 2016. (Crim Dkt. #59 at p. 7). Martin committed and was arrested for the second of his prior offenses on July 24, 2016. (Id. at p. 8). Martin's prior sentences were therefore imposed for offenses that were separated by an intervening arrest (i.e., Martin was arrested for the first offense prior to committing the second offense). As a result, Martin's prior sentences were properly counted separately, and he was properly assessed criminal history points for both sentences.

Because Martin was properly assessed criminal history points for both of his prior sentences, any objection to the PSR or argument that he should not be assessed criminal history points for both sentences would have been meritless. Martin's counsel therefore did not provide ineffective assistance by failing to make such an objection or argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.

1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance."). Moreover, because Martin was properly assessed criminal history points for both of his prior sentences, he also cannot show that he was prejudiced by his counsel's alleged failure to make such an objection or argument. For these reasons, Martin's claim of ineffective assistance of counsel fails, and his motion will be denied. Martin's motion will be denied without an evidentiary hearing because his motion and the files and records of this case conclusively show that he is not entitled to relief. See 28 U.S.C. § 2255(b). In addition, I will not issue a certificate of appealability because Martin has not made a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Dariyon Martin's motion to vacate, set aside, or correct his sentence [1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability under 28 U.S.C. § 2253.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE

Dated this 25th day of April 2023.